UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHNNIE R. WILSON,<br><br>      Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. 3:13-cv-05994-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

   Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

   On December 22, 2005, plaintiff filed an application for disability insurance benefits, alleging disability as of June 30, 1999. See ECF #9, Administrative Record ("AR") 460. That application was denied upon initial administrative review on February 23, 2006, and on

ORDER - 1

reconsideration on May 9, 2006. See id. A hearing was held before an administrative law judge ("ALJ") on April 3, 2008, at which plaintiff, represented by counsel, appeared and testified. See AR 537-54.

In a decision dated June 13, 2008, the ALJ found plaintiff to be capable of returning to his past relevant work, and therefore determined him to be not disabled. See AR 460-71. On January 9, 2009, plaintiff's request for review of the ALJ's decision was granted by the Appeals Council, because it appeared the physical restrictions of plaintiff's past relevant work exceeded those found in the ALJ's residual functional capacity assessment, and therefore "[e]vidence from a vocational expert [wa]s needed." AR 474-75. The Appeals Council vacated the ALJ's decision, and directed the ALJ to do the following:

> The Administrative Law Judge will obtain evidence from a vocational expert to determine whether or not the claimant can perform his past relevant work, and if not, whether jobs exist in significant numbers in the national economy that the claimant can perform within his residual functional capacity.
>
> In compliance with the above, the Administrative Law Judge will offer the claimant an opportunity for a hearing, address the evidence which was submitted with the request for review, take further action needed to complete the administrative record and issue a new decision.

Id.

On remand, a second hearing was held before the same ALJ on July 2, 2009, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 555-77. In a decision dated January 8, 2010, that ALJ again found plaintiff to be not disabled, both because he was capable of performing his past relevant work and because he could perform other jobs existing in significant numbers in the national economy. See AR 16-21. In so deciding, the ALJ further stated in relevant part:

> In its remand order, the Appeals Council directed the undersigned to obtain evidence from a vocational expert to determine whether or not the claimant

ORDER - 2

> can perform his past relevant work, and if not, whether jobs exist in significant numbers in the national economy that the claimant can perform within his residual functional capacity.
>
> As the Appeals Council did not disturb other issues of my decision, and the prior hearing was subsequent to his date last insured, I limited the issues at the hearing to the vocational evidence. The medical issues, including opinion evidence and subjective testimony were dealt with in the prior hearing decision, and are adopted herewith as if set out fully. I declined to allow [plaintiff's attorney] . . . to re-present issues already covered and not disturbed nor referenced by the Appeals Council.

AR 16.

Plaintiff's request for review of the ALJ's second decision was denied by the Appeals Council on September 13, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 7; 20 C.F.R. § 404.981. On November 18, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #1. The administrative record was filed with the Court on April 4, 2014. See ECF #9. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred:

(1) in refusing to allow plaintiff to fully present testimony at the second hearing;

(2) in evaluating the medical evidence in the record;

(3) in discounting plaintiff's credibility;

(4) in evaluating the lay witness evidence in the record;

(5) in assessing plaintiff's residual functional capacity; and

ORDER - 3

     (6)    in finding plaintiff to be capable both of returning to his past relevant work and performing other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees the ALJ erred in refusing to allow plaintiff to fully present testimony at the second hearing, and and therefore in determining plaintiff to be not disabled. Also for the reasons set forth below, however, the Court finds that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence

ORDER - 4

admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

Plaintiff argues the ALJ erred in deciding to limit the issues at the second hearing to the vocational evidence based on the Appeals Council's remand order. The Court agrees. As noted above, the Appeals Council found vocational evidence was needed and thus directed the ALJ to obtain such evidence. See AR 474-75. The Appeals Council, however, never stated that the only evidence to be considered on remand should be the vocationl evidence. It is true that the Appeals Councill also stated that "[i]n compliance with the" need for vocational evidence, the ALJ "will offer the claimant an opportunity for a hearing." AR 475. But again, the Appeals Council never imposed a limitation on what issues or evidence could be presented by plaintiff or considered at that hearing. Indeed, it also instructed the ALJ to "take any further action needed to complete the administrative record." Id.

As plaintiff points out, 20 C.F.R. § 404.950(a) provides that "[a]ny party to a hearing has a right to appear before the administrative law judge . . . to present evidence and to state his or her position." Given this stated right and the lack of any limiting language used by the Appeals Council in regard to the remand hearing itself, the Court finds the ALJ erred in interpreting the

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 5

Appeals Council's order as limiting the issues that could be considered at that hearing to solely the vocational evidence. The Court also agrees with plaintiff that in so limiting the issues and evidence to be considered at the hearing, the ALJ denied plaintiff a full "opportunity to prove [his] claim," which amounts to "a procedural due process violation." Hernandez-Devereaux v. Astrue, 614 F.Supp.2d 1125, 1135 (D.Or. 2009).

Defendant argues that between both hearings, plaintiff "had the opportunity to present evidence in support of his claim of disability during the relevant period," and thus the second hearing was "'full and fair,' without being duplicative and a waste of administrative resources." ECF #16, p. 4. It does not appear, however, that allowing the additional testimony to be taken at the hearing would have been duplicative or a waste of resources. Plaintiff's counsel sought to obtain the testimony of plaintiff's wife, which had not been taken before, and plaintiff himself wanted to provide further detail regarding his limitations. See AR 558. Given the ALJ's duty to "fully and fairly develop the record and to assure that the claimant's interests are considered," and as discussed above contrary to the ALJ's belief the fact that the Appeals Council did not limit the issues and evidence that could be considered at the second hearing, plaintiff should have been allowed to present this evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations omitted). It was error to do otherwise.

Defendant goes on to argue that any such error by the ALJ was harmless, unless plaintiff can "show at least a 'substantial likelihood of prejudice.'" ECF #16, p. 4 (quoting McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2001)). The Court finds a substantial likelihood of prejudice exists in this case. That is, it cannot be said that the failure to allow plaintiff to present the additional evidence was "inconsequential" to the ALJ's "ultimate nondisability determination" or "nonprejudicial" to plaintiff's case. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055

ORDER - 6

(9th Cir. 2006); see also Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007) (any error on part of ALJ would not have affected "ALJ's ultimate decision."). For example, while it is not yet known what plaintiff's wife's testimony would consist of, lay witness testimony – particularly that from family members who are in a position to observe a claiman't symptoms and daily activities – "is competent evidence that an ALJ must take into account." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Because the ALJ did not provide plaintiff with a full and fair opportunity to present evidence at the second hearing, it cannot be said that the record has been fully developed or that no useful purpose would be served by remanding this matter for further administrative proceedings to allow plaintiff to present that evidence.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED

ORDER - 7

and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 1st day of December, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 8